19-4071-cr
*United States v. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand twenty-three.

Present:
> ROSEMARY S. POOLER,
> EUNICE C. LEE,
> *Circuit Judges,*
> PAUL A. ENGELMAYER,
> *District Judge.*\*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

     v.                                      19-4071-cr

HODAYAH JOHNSON,

     *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | STEPHANIE M. CARVLIN, Law Office of Stephanie Carvlin, New York, NY. |
| FOR APPELLEE: | LINDSEY KEENAN (Michael D. Maimin, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY. |

---

\* Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence of the district court is **VACATED**, and the case is **REMANDED** for resentencing.

After entering a plea of guilty to one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Defendant-Appellant Hodayah Johnson was sentenced principally to 132 months' incarceration. Johnson argues on appeal that the district court imposed his sentence after erroneously giving him a career offender sentencing enhancement under United States Sentencing Guidelines § 4B1.1(a) based on the district court's improper designation of one of his predicate offenses as a controlled substance offense. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the arguments on appeal, which we discuss only as necessary to explain our decision.

After his indictment in March of 2019, Johnson pleaded guilty in August of 2019 to possession of a controlled substance with intent to distribute. The Probation Office advised that Johnson should receive a career offender sentencing enhancement under U.S.S.G. § 4B1.1(a) based in part on his 2003 conviction under New York Penal Law § 220.16(1) for possession of a controlled substance in the third degree. The parties did not contest the applicability of § 4B1.1(a), and the district court accepted that Johnson was a career offender under § 4B1.1(a). With the career offender enhancement, Johnson's Guidelines range was 188 to 235 months, and the district court sentenced him to 132 months' incarceration. Johnson timely appealed.

Johnson now argues that the district court erred by finding that his 2003 New York State drug conviction was a predicate offense warranting imposition of the § 4B1.1(a) career offender

sentencing enhancement. Because New York's definition of a controlled substance is broader than the federal definition, Johnson contends that it cannot provide the categorical match necessary for the career offender sentencing enhancement to apply. *See United States v. Townsend*, 897 F.3d 66, 74 (2d Cir. 2018) (finding a defendant's Sentencing Guidelines range was erroneously calculated in part because "the state statute under which [the defendant] was convicted sweeps more broadly than its federal counterpart").

While Johnson's appeal was pending, this Court decided *United States v. Gibson*, 55 F.4th 153 (2d Cir. 2022), *adhered to on reh'g*, 60 F.4th 720 (2d Cir. 2023) (per curiam). In *Gibson*, the defendant raised before the district court a similar challenge to the use of a New York drug offense as a career offender predicate. *Id.* at 155. The Court affirmed the district court's conclusion that the Guidelines § 4B1.1(a) sentencing enhancement did not apply to a defendant sentenced in 2020 based on that defendant's prior 2002 New York State drug conviction because "New York's controlled substances schedule included naloxegol, which had been removed from the federal controlled substances schedules . . . in 2015." *Id.*; *see also Gibson*, 60 F.4th at 720 (clarifying that part of *Gibson*'s holding is that "the federal controlled substances schedules" are "categorically narrower than the New York drug schedules" because the schedules diverged in 2015). *Gibson* also "reject[ed] the government's contention[]" that a sentencing court could still apply the § 4B1.1 enhancement even after this divergence by looking to "New York's [drug] schedule . . . as [it] stood at the time of [the] New York controlled substance conviction, rather than at the time of" either the offense or the sentence for the current conviction. 55 F.4th at 160–61.

Because Johnson did not argue below that Guidelines § 4B1.1 cannot apply to him based on his 2003 New York State drug conviction, he concedes that his argument on appeal is subject to the plain-error standard. When "we review for plain error," we "consider[] whether '(1) there

3

is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020) (quoting *United States v. Nouri*, 711 F.3d 129, 138 (2d Cir. 2013)).

Johnson's case meets the first prong of the plain-error analysis. "A district court commits procedural error where it . . . makes a mistake in its Guidelines calculation." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "[A]n unobjected-to miscalculation of a defendant's Guidelines range constitutes procedural error" and will "satisfy[] the first plain error prong (that there is error)." *United States v. Wernick*, 691 F.3d 108, 117 (2d Cir. 2012). *Gibson* held that the Guidelines § 4B1.1 sentencing enhancement cannot apply based on, as here, a prior New York State drug conviction entered at a time when New York's drug schedules were categorically broader than current federal drug schedules. 55 F.4th at 166 ("Here, by the time Gibson began his 2017 bank robbery spree, the [Controlled Substances Act] schedules, having eliminated naloxegol in 2015, were narrower than the New York schedules applicable to his 2002 state-law conviction."). And, while *Gibson* did not resolve "whether . . . the district court should consult the [Controlled Substances Act] version at the time of the defendant's current offense or the version at the time of his sentencing for this offense," *id.*, the result is the same here since Johnson both engaged in his current offense conduct and was sentenced in 2019, well after the New York State and federal drug schedules diverged. Thus, Johnson's 2003 New York State conviction cannot support imposing the § 4B1.1 sentencing enhancement.

Because *Gibson* is now the law of the Circuit, Johnson's case also meets the second prong of the plain-error analysis. "[W]hether there was 'error,' and whether that error is 'plain'—the first two requirements of the plain error standard of review—'is established at the time of the

appeal,' not as of the time that the district court ruled." *United States v. Martinez*, 991 F.3d 347, 357 (2d Cir. 2021) (quoting *United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020)). Although "[t]he law may not have been clear at the time of [Johnson]'s plea and sentence, . . . after [*Gibson*], it is eminently plain." *United States v. Garcia*, 587 F.3d 509, 520 (2d Cir. 2009).

Finally, Johnson meets the last two prongs of the plain-error analysis. These prongs can be met where, as here, there is plain error stemming from "[a]n unobjected-to error in Guidelines calculation," because the "district court's miscalculation of the Guidelines sentencing range carries serious consequences for the defendant." *Wernick*, 691 F.3d at 117 (internal quotation marks and alterations omitted). Without the career offender enhancement, Johnson argues, his Guidelines range would have been 57 to 71 months, rather than the 188 to 235 months the district court calculated. "While the district court might have selected the same sentence regardless of the guideline range, . . . the error had a potentially serious impact on the sentence imposed." *Id*.

We have considered the parties' remaining arguments and find that they are without merit or that, in light of our reasoning above, we need not address them. Accordingly, we **VACATE** Johnson's sentence and **REMAND** for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court